Cheshire, }
Dec., 1894. }

GURNSEY & a., Ap'ts, v. KEENE.

The question of procedure upon an appeal from a decision of the mayor and aldermen in a highway proceeding is one of fact, to be determined at the trial term.

APPEAL, from the decision of the mayor and aldermen awarding the plaintiffs no damages for land taken for a highway. The defendants in their answer aver that the plaintiffs' land over which the new highway is laid is within the limits of an existing

highway by prescription, and move that the issue on this aver-- ment be tried before sending the petition to the commissioners..

*Batchelder & Faulkner*, for the plaintiffs.

*John T. Abbott*, for the defendants.

CARPENTER, J. "If no sufficient objection is made, all peti- tions relating to highways shall be referred to the county com- missioners." P. S., c. 68, s. 5. If, upon a trial of the issue raised by the answer, it should be found that the new highway is laid over an old one, the finding would be a sufficient objection to sending the petition to the commissioners. The plaintiffs would be entitled to no damages (*Pierce v. Somersworth*, 10 N. H. 369), and their petition would be dismissed. If it should be found that there was no existing highway where the new one is laid, the petition must be referred to the commissioners. On the return of their report the plaintiffs would be entitled to, and in order to obtain their rights might be obliged to have, another trial. P. S., c. 68, s. 10. They might thus be subjected to the expense and de- lay of two trials where one would suffice. What method of pro- cedure in the trial of the several issues presented will be most convenient, expeditious, and least expensive to the parties, is a question of fact to be determined at the trial term. *Owen v. Weston*, 63 N. H. 599.

*Case discharged.*

All concurred.